UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICKIE HILL,<br><br>                               Plaintiff,<br>    v.<br><br>KEITH MCKEEHAN, *et al.*,<br><br>                             Defendants. | Case No.  2:21-cv-01375-GMN-VCF<br><br>ORDER |

**I.    DISCUSSION**

On November 1, 2021, the Court issued a screening order permitting one of Plaintiff's claims to proceed and dismissing other claims either with or without leave to amend. (ECF No. 3.) The Court granted Plaintiff 30 days from the date of that order to file an amended complaint curing the deficiencies of the complaint. (*Id.*) The Court specifically stated that if Plaintiff chose not to file an amended complaint, the action would proceed on Plaintiff's Eighth Amendment claim against Defendant McKeehan only. (*Id.* at 8.) The 30-day period for Plaintiff to file an amended complaint has passed. Pursuant to the screening order, this action will proceed on Plaintiff's Eighth Amendment claim against Defendant McKeehan only.

The Court has an inmate early mediation program that is unique to the District of Nevada and is designed to attempt to save resources by referring the parties in some civil rights cases to mediation. Of course, defendants in such cases have the right not to make any settlement offers, and plaintiffs have the right not to accept settlement offers. The Court may choose not to refer a case to mediation to preserve limited judicial resources.

Plaintiff, who has filed many cases against employees of the Nevada Department of Corrections, has recently attended multiple inmate mediations with representatives of the Office of the Attorney General. (*See, e.g.*, 3:20-cv-00495-MMD-WGC, 2:20-cv-01655-KJD-DJA, 2:20-cv-01659-RFB-EJY.) Plaintiff also has at least one more mediation scheduled with a representative of the Office of the Attorney General. (*See* 2:20-cv-

01745-KJD-BNW.) This case is also against an employee of the Nevada Department of Corrections. Given the Court's limited resources, and the fact that these parties have already engaged in numerous mediation sessions, the Court has determined that it would not be a productive use of the Court's resources to set this case for a mediation session.

However, the Court will stay this case for 60 days so that the parties can engage in settlement before the $350.00 filing fee is paid, an answer is filed, or the discovery process begins. During these 60 days, the parties are free to discuss settling this case privately or during a currently scheduled mediation session, but they are not required to do so. If the parties have not reached a settlement within 60 days, the Court will assess the filing fee and put this case on a standard litigation track.

## II.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that, pursuant to the Court's screening order (ECF No. 3), this action will proceed on Plaintiff's Eighth Amendment claim against Defendant McKeehan only.

It is further ordered that the Court will not refer this case to the Court's Inmate Early Mediation Program.

It is further ordered that the Court will stay this case for 60 days to allow the parties to discuss settlement privately or during a currently scheduled mediation session.

It is further ordered that if this case is not settled in 60 days, the Court will assess the filing fee and place this case on a standard litigation track.

DATED THIS 17th day of December 2021.

_____
UNITED STATES MAGISTRATE JUDGE